# THOMAS CLEARY
## V.
# ROBERT F. CUMMINGS.

*Judgment Note—Instruction—New Trial.*

1.   There is no error in refusing to give an instruction which has no basis in the evidence.

2.   A refusal to grant a new trial on the ground of newly discovered evidence is proper when the same is merely cumulative and not conclusive.

[Opinion filed December 8, 1888.]

IN ERROR to the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. HARRY BROTHERS, for plaintiff in error.

No appearance for defendant in error.

LACEY, P. J.   This suit was based on a promissory note which purported to have been given by appellant to appellee, dated April 13, 1880, for two sums of money mentioned in the note (for $87.50 and $9.60) with interest at eight per cent. The appellant pleaded the general issue and *non est factum*, sworn to.   The result of the trial was a verdict and judgment in favor of appellee for the amount of the note and interest. The note was a common judgment note.   The appellant assigns for error the refusal by the court to give his instructions.   1st.   That if appellee told the defendant to sign the note and read a promissory note to him, and he did so, and it turned out to be a judgment note, then the note would not be the note of appellant.   2d.   If appellee read the note to appellant before signing and it was only a common promissory note as read, then, if the note were different and a judgment note, there could be no recovery.   It was not

improper to refuse these instructions. For anything the instructions stated, the appellant may have been perfectly aware of the kind of a note he was signing, or might have so known. Secondly, the appellant did not, in his testimony, base his defense on such grounds.

He positively swears that he did not authorize appellee to sign the note. That he never saw or heard of such a note till judgment was rendered by confession. It was the common note used when they sold flax; appellee does not swear he did not know the contents of the note, nor could he, for his defense was he did not sign it or any one like it. The instruction was not based on any evidence.

The appellant also assigns for error the refusal to grant a new trial on account of newly discovered evidence. We think the court did not err in so doing. The proposed evidence was in no wise conclusive and was only cumulative.

The appellant and one Van Zant testified that the note was given for a certain number of bushels of flax seed sold by appellee to appellant to sow in 1880. In his evidence on the trial appellant testified that he got no fifty bushels of flax seed of appellee but sowed his own.

The two witnesses newly discovered are only to corroborate appellant's testimony, and their evidence is only cumulative to his own. Under the well established rules of law this would not be sufficient grounds upon which to base a new trial. We see no error in the record and therefore affirm the judgment.

*Judgment affirmed.*